

IT IS SO ORDERED.
Signed May 15, 2013

**Arthur S. Weissbrodt**
U.S. Bankruptcy

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 11-60906 -ASW<br>Chapter 7 |
| Son Pham Thanh Nguyen, | |
| Debtor, | |
| Quoc Le and Cam Nguyen, | Adv. No. 12-5080 |
| Plaintiffs, | |
| v. | **Memorandum Decision Denying Motion for Summary Judgment** |
| Son Pham Thanh Nguyen, | |
| Defendant. | |

This matter is before the Court on Plaintiffs' Motion for Summary Judgment on Plaintiffs' claim objecting to discharge under § 523(a)(2). Plaintiffs are represented by attorney Julie Rome-Banks; Defendant is represented by attorney Nancy Weng. The Court has reviewed the pleadings and evidence provided by the parties. For the reasons set forth below, the Court denies Plaintiffs' motion.

On December 23, 2008, Plaintiff Quoc Le ("Le") filed suit in Santa Clara County Superior Court against Defendant Son Pham Thanh Nguyen ("Defendant"), the Debtor in the underlying bankruptcy case.

MEMORANDUM DECISION

The state court complaint sought damages for professional malpractice, breach of fiduciary duty, fraud, rescission, corporate records, and negligence. The complaint requested special damages of $30,000 plus interest, general damages for emotional distress of $50,000, punitive damages of $200,000 and court costs. Defendant did not answer the complaint, and the state court entered a default. Le sought and obtained entry of a default judgment in the state court on the basis of written declaration. The state court entered default judgment ("Judgment") on April 20, 2009, awarding Le damages of $284,625.17, as follows:

```
Special damages              $ 30,000.00
General damages
(Emotional distress)         $ 50,000.00
Punitive damages             $200,000.00
Interest                     $  4,048.77
Costs                        $    576.40
```

The judgment was not appealed and is now final.

Defendant filed this chapter 7 proceeding on November 29, 2011, and Plaintiffs timely filed a complaint objecting to dischargeability under §§ 523(a)(2), (a)(4), and (a)(6) of the Judgment. Plaintiffs also included claims for denial of discharge under §§ 727(a)(2) and (a)(4). Plaintiffs filed the instant motion for summary judgment on March 25, 2013, seeking summary judgment on their claim under § 523(a)(2) only.

Summary judgment shall be rendered by the Court if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law: Fed. R. Civ. P. 56, applicable in bankruptcy via Rule 7056, Fed. R. Bankr. P.; <u>Matsushita Electric</u>

Industrial Co., Ltd. v. Zenith Radio Corporation, 475 U.S. 574, 584-85 (1985). All inferences must be drawn against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). Summary judgment will not lie if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Plaintiffs ask the Court to grant summary judgment on the § 523(a)(2)(A) claim on the basis of issue preclusion, arguing that the Judgment and underlying documents establish the elements of nondischargeability under that section.

Federal courts must give a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. In re Younie, 211 B.R. 367, 373 (9th Cir. BAP 1997) (citing Migra v. Warren City School Dist. Bd. Of Educ., 465 U.S. 75, 81 (1984)). Under California law, the elements of issue preclusion are:

(1) The issue sought to be precluded from relitigation must be identical to that decided in a former proceeding;

(2) The issue must have been actually litigated in the former proceeding;

(3) It must have been necessarily decided in the former proceeding;

(4) The decision in the former proceeding must be final and on the merits; and

(5) The party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. In re Harmon, 250 F.3d 1240, 1245 (9th Cir. 2001).

Even if issue preclusion is available, the decision of whether to apply the doctrine is within this Court's discretion. <u>Robi v. Five Platters, Inc.</u>, 838 F.2d 318, 321 (9th Cir. 1988); <u>see also</u> <u>Parklane Hosiery Co., Inc. v. Shore</u>, 439 U.S. 322, 331 (1979).

The elements of fraud under California law are virtually identical to those elements required for nondischargeability under § 523(a)(2)(A). Therefore, if the state court judgment was based on fraud, the first element for issue preclusion is satisfied. <u>See</u> <u>Younie</u>, 211 B.R. at 373-74.

The fourth and fifth elements of issue preclusion are met here: the state court judgment is final and on the merits, and relief here is being sought against the identical party. The fact that the judgment was obtained by default does not foreclose the possibility that the resolution of the relevant issues would have preclusive effect, so long as the issues were actually litigated and necessarily decided, and the Defendant was personally served with the summons or had actual knowledge of the litigation. <u>In re Cantrell</u>, 329 F.3d 1119, 1124-25 (9th Cir. 2003), citing <u>In re Harmon</u>, 250 F.3d 1240, 1246 (9th Cir. 2001).

According to the declaration of Julie Rome-Banks, Defendant was served with the summons and complaint at Defendant's business address of 1999 Monterey Highway, Suite 140, San Jose, California. Further, Defendant testified in his 2004 examination on March 13, 2012 that Defendant was operating his business at that location until May 2010. The state court summons and complaint, request for entry of default judgment, and notice of entry of judgment were all served on Defendant at that address. Further, Defendant acknowledges in his response that

he was served with the summons and complaint. Therefore, the Court may treat the judgment as actually litigated and on the merits.

The determination of an issue will be given preclusive effect only where the court in the prior action made an express finding on that issue, or where that issue was necessarily decided. Cantrell, 329 F.3d at 1124. Here, the state court judgment contains no findings, so the Court must determine whether the issue of fraud was necessarily decided.

To establish fraud under California law, a plaintiff must show:

(1) misrepresentation;

(2) knowledge of the falsity of the representation;

(3) intent to induce reliance;

(4) justifiable reliance; and

(5) damages. In re Jogert, Inc., 950 F.2d 1498, 1504 (9th Cir. 1991).

Section 523(a)(2)(A) requires proof by a preponderance of the evidence of the following five elements:

(1) the debtor made the representations;

(2) that at the time he knew they were false;

(3) that he made them with the intention and purpose of deceiving the creditor;

(4) that the creditor relied on such representations; and

(5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made. Younie, 211 B.R. at 373 (citing In re Kirsh, 973 F.2d 1454, 1457 (9th Cir. 1992)).

The state court complaint contained the following allegations:

Defendant is a licensed Certified Public Accountant doing business in Santa Clara County, California. Le hired Defendant to provide proper accounting and tax advice and services to Le. Le "entrusted" Defendant and relied on his opinions and advice.

During 2007, Defendant gave Le advice about investments and steered him to companies in which Defendant had a personal interest. On December 16, 2007, Defendant had Le invest $30,000 in a company called C&R Resource Publication ("C&R"). Defendant represented that C&R was a California corporation with a C&R Resource Publication Stock Option Plan which was authorized to sell Le 30,000 shares for $30,000. Defendant was a principal of C&R. Le is informed and believed that no corporation named C&R Resource Publication exists, that no shares have been registered in any lawful plan and that no shares of C&R have ever been qualified or issued by a lawful "exemption." Le is informed and believes that Defendant misrepresented the investment in C&R to Le with the intent that Le provide Defendant $30,000.

The allegations continue: Because Le trusted Defendant, on December 17, 2007, Le entered into a Non-Employee Directors Stock Option Contract for the purchase of shares in C&R and paid Defendant $30,000. Le never received any shares. As the proximate result of Defendant's breach of his duty to provide sound investment advice, Le was damaged in the amount of $30,000.

The declaration of Quoc Le filed in support of plaintiff's request for default judgment in state court mirrors the allegations of the complaint: that Le trusted Defendant, that Defendant represented to Le that C&R was a California corporation with a stock option plan that was authorized to sell Le 30,000 shares, and that based on this representation Le signed a stock option agreement and

MEMORANDUM DECISION 6

paid Defendant $30,000, but Le never received any shares. Le also states in the declaration that he has found no information that C&R is incorporated or has any registered shares, or any evidence that a stock option plan ever existed. Le also testified that he gave Defendant the money because Le trusted Defendant and thought Defendant was acting in Le's best interest.

The complaint and declaration satisfy all but one element of a claim under § 523(a)(2)(A): (1) Defendant made representations (Defendant represented to Le that C&R was a California corporation with a stock option plan that was authorized to sell Le 30,000 shares; (2) that debtor made representations with the intention and purpose of deceiving the creditor (Le is informed and believes that Defendant misrepresented the investment in C&R to Le with the intent that Le provide Defendant $30,000); (3) that the creditor justifiably relied on such representations (Le gave Defendant the money because Le trusted Defendant and thought Defendant was acting in Le's best interest) and (4) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made (Le never received any shares, and as the proximate result of Defendant's breach of his duty to provide sound investment advice, Le was damaged in the amount of $30,000).

There is no allegation or evidence in the state court proceeding that at the time Defendant made the representations he knew they were false. However, in Defendant's 2004 examination conducted on March 13, 2012, Defendant testified that (1) Defendant was president and CEO of NHA Magazine, Inc. ("NHA"), and owned a 25% share in NHA; (2) NHA owned C&R, and C&R was another business operation or publication of NHA; (3) Defendant's role with C&R was with regard to "strategic

MEMORANDUM DECISION 7

overall direction of the magazine," (4) Defendant prepared tax returns for NHA from 2004 or 2005 through 2008 and those tax returns included revenues and expenses of C&R; and (5) C&R was never separately incorporated.

Given Defendant's role in NHA and C&R – as president and CEO, and as the person who prepared NHA's tax returns – Plaintiffs argue that a factfinder could make only one reasonable inference: that Defendant knew his representation – that C&R was a California corporation authorized to sell Le 30,000 shares – was false.

Even assuming this to be true, the Court is not convinced that the issue of fraud was "necessarily decided" in the state court litigation. Plaintiffs argue that the state court necessarily found fraud in awarding punitive damages. Punitive damages may be awarded only upon a finding of oppression, fraud, or malice. Cal. Civ. Code § 3294(a). However, as noted above, the state court complaint contained, in addition to the fraud claim, claims for professional malpractice and breach of fiduciary duty. Le alleged that as to all of those claims that Defendant had acted with oppression, fraud, and malice in inducing Le to invest in a "bogus company." In awarding punitive damages, the state court necessarily found oppression, fraud, or malice but did not need to find all three to award punitive damages, and did not need to find that all of the elements of fraud had been met in order to enter a judgment in favor of Le.

Further, the state court could plausibly have entered judgment based solely on the breach of fiduciary duty claim, which requires proof of the existence of a fiduciary relationship, breach of fiduciary duty, and damages. Under California law, an accountant owes a fiduciary duty to his clients. <u>Wolf v. Superior Court</u>, 107 Cal.

App. 4th 25, 40 (2003). As a basis for punitive damages respecting that claim, the state court could have found oppression, defined as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Cal. Civ. Code § 3294.

Finally, in the same 2004 examination relied upon by Plaintiffs above, Defendant testified that John Vu was the individual who brought in investors, and that Defendant did not prepare the stock option contract. In Defendant's declaration in opposition to summary judgment, Defendant testified that he had "nothing to do" with Plaintiffs' decision to invest in C&R. In the absence of the state court judgment, these statements would raise a disputed issue of material fact precluding summary judgment. Accordingly, even if issue preclusion is available in this matter, the Court will exercise its discretion not to apply the doctrine.

Plaintiffs' motion for summary judgment is DENIED.

*** END OF MEMORANDUM DECISION ***

**Court Service List**

All recipients are ECF participants